UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF PENNSYLVANIA

| In re: | : | |
|---|---|---|
| EMMA SPENCER, | : | Chapter 13 |
| Debtor | : | |
| | : | No. 25-12386-DJB |

*FILED JUN 18 2025*

## MOTION FOR TURNOVER OF PROPERTY AND FOR SANCTIONS
## FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(k)

**NOW COMES** the Debtor, Emma Spencer, appearing pro se, and respectfully moves this Court for an order directing the immediate return of Debtor's repossessed vehicle and awarding sanctions against Huntington National Bank, and in support thereof states as follows:

### REQUEST FOR EMERGENCY RELIEF

Debtor respectfully requests that this Motion be considered on an expedited basis pursuant to local Bankruptcy Rule 5070-1(f), as the vehicle is essential for Debtor to maintain employment, attend medical appointments, and for Debtor to fulfill obligations. Continued deprivation of the vehicle imposes immediate and irreparable harm, and the delay caused by ordinary notice periods would defeat the purpose of the requested relief. Accordingly, Debtor prays that the Court issue an order compelling the immediate return of the vehicle.

1. Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on June 13, 2025, at 11:28 a.m., thereby initiating the automatic stay pursuant to 11 U.S.C. § 362(a).

2. Prior to filing, on or about June 13, 2025, Huntington National Bank repossessed Debtor's vehicle, a 2018 Subaru Crosstrek bearing the last six digits of VIN: 276796.

3. On Friday, June 13, 2025, Debtor spoke with representatives in the Bankruptcy Department of Huntington National Bank at 11:44 a.m., informing them of the bankruptcy filing and requesting return of the vehicle. See **Exhibit A**

4. On June 13, 2025, at approximately 11:53 a.m., Debtor promptly submitted the proof of insurance as requested by Huntington National Bank. See **Exhibit B.** However, after receiving no response, Debtor called back at 1:40 p.m. the same day. See **Exhibit C.** Still, no substantive information was provided. Debtor followed up again by email and by phone on Monday, June 16, 2025, See **Exhibit B & D**, before receiving any acknowledgement or information regarding the status of the vehicle, indicating unreasonable delay and lack of cooperation following actual notice of the bankruptcy filing.

5. Despite this notice, Huntington National Bank did not return the vehicle.

6. Instead, on or about Monday, June 16, 2025, Huntington National Bank caused the vehicle to be transported out of state to West Virginia, after receiving actual notice of the bankruptcy, in direct violation of the automatic stay.

7. The vehicle remains unrecovered, and the Debtor has been deprived of its use, which is essential for transportation, work, and fulfillment of obligations under the Chapter 13 plan.

8. The automatic stay prohibits any creditor from exercising control over estate property or taking possession of it post-petition. See 11 U.S.C. § 362(a)(3).

9. The automatic stay under 11 U.S.C. § 362(a) became effective immediately upon the filing of the petition on June 13, 2025, at 11:28 a.m. The stay is self-executing and binding from that moment, regardless of the day of the week or whether Huntington National Bank had reviewed formal court notices. Debtor directly notified the creditor's bankruptcy department the same day, which constitutes actual notice. Courts have consistently held that a creditor's failure to promptly act upon notice, or feigned ignorance, does not excuse post-petition conduct that violates the stay. See *In re Knaus*, 889 F.2d 773, 775 (8th Cir. 1989).

10. Huntington National Bank had actual knowledge of the bankruptcy filing and engaged in willful conduct by continuing to exercise control over the vehicle and transporting it across state lines, in disregard of the stay.

11. Debtor again contacted Huntington National Bank on June 17, 2025, after the bankruptcy filing, and repeated the request for return of the vehicle. See **Exhibit E**. The creditor refused to return the vehicle but stated that Debtor may retrieve it herself. However, the vehicle was moved out of state to West Virginia after the bankruptcy filing, creating an undue burden and effectively denying Debtor the benefit of the automatic stay's protections. This continued refusal to return the vehicle constitutes a willful violation of the automatic stay under 11 U.S.C. § 362(k).

12. These actions constitute a willful violation of the automatic stay under 11 U.S.C. § 362(k). Instead, after receiving notice, Huntington exercised continued control over estate property by refusing to return the vehicle and by transporting it across state lines to West Virginia. This post-petition act of dominion violates 11 U.S.C. § 362(a)(3). On June 18, 2025, Debtor gave Huntington National Bank until 3:00 p.m. EST to return the vehicle and waive all past due fees and repossession related fees. As of the time of this filing, the vehicle remains unrecovered, and no waiver or meaningful response has been provided. These facts establish a willful and ongoing violation of the automatic stay. Notice to the creditor's bankruptcy department is legally sufficient for the organization. See *In re Flynn*, 185 B.R. 89 (Bankr. S.D. Ga. 1995).

13. Debtor requests that the Court order immediate return of the vehicle from West Virginia, award damages for the willful violation, award costs incurred by Debtor, and grant Debtor a write-off of all past due payments and fees incurred as a result of the unlawful retention and transport of the vehicle.

WHEREFORE, Debtor respectfully requests that this Court:

a) Order Huntington National Bank to immediately return the repossessed vehicle to Debtor from West Virginia;

b) Award damages to Debtor for willful violation of the automatic stay pursuant to 11 U.S.C. § 362(k);

c) Award costs incurred by Debtor as a result of the creditor's violation;

d) Order Huntington National Bank to waive all past due payments and fees related to the repossession.

e) Grant such other and further relief as the Court deems just and proper.

Date: June 18, 2025

Respectfully submitted,

*(signature)*

Emma Spencer, pro se
4814 Florence Ave.
Philadelphia, PA 19143
Emma.Spencer1295@gmail.com
(207) 542-1450